IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONNIE L. MOODY, | ) | No. C 10-0821 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL** |
| v. | ) ) | (Docket No. 2) |
| OFFICERS NACKORD, LAMBOY, CARRINGTON AND TERRI, SAN QUENTIN STATE PRISON, | ) ) ) ) ) | |
| Defendant. | ) | |
| _____ | | |

      Plaintiff, formerly a California prisoner, filed this pro se civil rights action under 42 U.S.C § 1983, complaining about the conditions of his confinement while incarcerated at San Quentin State Prison.  In the complaint, Plaintiff states that he has not exhausted all of his administrative remedies to the highest level available, alleging that he completed the exhaustion process by filing a "government tort claims form." (Complaint at 2.).

      A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement requires "proper exhaustion" of all available administrative remedies. *Woodford*, 126 S. Ct. at 2387.

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." *Id.* at 1120. Here, Plaintiff concedes in his complaint that he has not exhausted his administrative remedies within the prison administrative appeals process (Complaint at 2), and no exception to exhaustion is alleged or apparent in the amended complaint.

Section 1997e(a) requires that Plaintiff exhaust his claim before raising the claim in a § 1983 complaint in federal court. An action must be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). As it is clear from the complaint that Plaintiff has not pursued all levels of administrative review available to him in exhausting his complaint and there is

no applicable exception to the exhaustion requirement, dismissal without prejudice is appropriate.

Accordingly, the above-titled action is hereby DISMISSED, without prejudice to Plaintiff's refiling his claim after all available administrative remedies have been exhausted. The Clerk shall terminate Plaintiff's pending motion (docket no. 2), close the file and enter judgment in this matter.

IT IS SO ORDERED.

DATED: October 12, 2010

JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RONNIE LEE MOODY,

    Plaintiff,

  v.

OFFICER T. NACKORD et al,

    Defendant.

Case Number: CV10-00821 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ronnie Lee Moody T54036
C/O Modesto Parole Unit 2
1001 Needham Street
Modesto, CA 95354

Dated: October 12, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk